OWEN, Judge.
Appellant was charged with delivery of a certain hallucinogenic drug to which she pled not guilty. Subsequently, as a result of plea negotiations between her attorney and the prosecutor, appellant appeared in court and withdrew her plea of not guilty, entering a plea of nolo contendere. The court accepted the plea, adjudged appellant guilty and following pre-sentence investigation sentenced her to two years in prison.
Immediately upon being sentenced, appellant filed a motion to vacate the judgment and sentence and to withdraw the plea of nolo contendere and enter a plea of not guilty. The court’s denial of that motion is the only point argued on this appeal.
*251 The record affirmatively discloses that at the time of the change of plea and again approximately one week later at the time of sentencing, appellant’s counsel expressly advised the court that the plea of nolo con-tendere was a negotiated plea in exchange for which the prosecutor had agreed to recommend to the court that appellant be placed on probation. Although the record reflects that the trial judge made it quite clear to appellant and her counsel that the court would, not be, bound by such a recommendation, the transcript of the proceedings held before the court at the time of sentencing also shows that (1) the court asked the prosecutor if the state had any recommendation, (2) the prosecutor declined to make any recommendation of probation and stated that he would defer to the results of the pre-sentence investigation report, and (3) the court stated that it had been unable to find anywhere in the pre-sentence investigation report any recommendation by anyone whomsoever in regard to probation.
When the state failed to recommend to the court that the appellant be placed on probation, it violated the bargain made in exchange for appellant’s plea of nolo contendere. We cannot permit the state to gain an advantage in this manner. Cf. Butler v. State, Fla.App.1969, 228 So.2d 421, 36 A.L.R.3d 1274; State v. Davis, Fla.App.1966, 188 So.2d 24. Although the court was not bound by these negotiations, the state was bound either to make the recommendation as it had promised, or to advise appellant, prior to the withdrawal of her not guilty plea, that it could not do so. Ward v. State, 1945, 156 Fla. 185, 22 So.2d 887. The state having failed to keep its end of the bargain, the plea became in essence an involuntary one. When these facts were made known to the court by the subsequent motion and hearing thereon, the court should have vacated the judgment and sentence and permitted appellant to withdraw the plea and re-enter her plea of not guilty. Ward v. State, supra; Banks v. State, Fla.App.1962, 136 So.2d 25.
The judgment and sentence are severally reversed and this cause remanded for further proceedings consistent herewith.
Reversed and remanded.
WALDEN and MAGER, JJ., concur.