McNULTY, Judge.
Defendant-appellant Hosie Sanders was indicted for first degree murder. After entering a not guilty plea he subsequently reappeared before the Circuit Court of Collier County, which was then presided over by visiting Circuit Judge Charles R. Holley, for purposes of a plea bargaining session. After the “plea bargaining” proceeding, which was participated in by the defendant, his counsel, the prosecutor and the judge, the judge indicated that he would impose a lenient sentence of five years’ probation in the event of the entry of a plea of guilty to manslaughter. Such plea was thereupon entered and accepted by Judge Holley and a pre-sentence investigation ordered.
On October 22, 1971, the case came on for final disposition before the resident Circuit Judge, the Honorable Harold S. Smith. At that time Judge Smith placed appellant on probation for a period of twenty years, coupled with considerable jail time and other special conditions.
On November 22, 1971, the case was recalled up before Judge Smith who then changed the period of probation from twenty years to five years; but again the probationary period was subject to the exact conditions relating to jail time as was announced, on October 22, 1971 and again the other special conditions aforesaid were imposed. Specifically, the conditions referred to were:
“(k) Aforesaid [Sanders] is to spend 30 days per year in Collier County Jail during term of probation.
(l) Aforesaid shall spend each Saturday & Sunday in Collier County Jail during term of probation.
(m) Aforesaid shall pay $40 weekly child support to Mrs. Genoia Gordon or any other individual maintaining the step-children & true child from the relationship between deceased, Frances L. Gordon, & aforesaid during the term of probation. (Payment would be reduced as individual child becomes self supporting).”
The unusual conditions of probation imposed upon appellant by Judge Smith, particularly with respect to the jail time, were unquestionably harsher than those contemplated by the plea bargaining session at which the guilty plea was entered. In placing appellant on probation, Judge Smith did not give him advance warning of such harsher terms, nor did he afford appellant an opportunity to withdraw the plea of guilty as we mandated under similar circumstances in Barker v. State, Fla. App.1972, 259 So.2d 200. This was error.
We reverse the order herein and remand the cause for further proceedings consistent with this Court’s caveat in Barker v. State, supra.
Reversed and remanded.
PIERCE, C. J., concurs specially with opinion.
MANN, J., concurs with McNULTY, J., and filed opinion.