305 So.2d 829 (1975)
Perry Lee JAMES, Appellant,
v.
STATE of Florida, Appellee.
No. U-33.
District Court of Appeal of Florida, First District.
January 6, 1975.
*830 Ben W. Thompson, Jr., of Thompson, Gilleland & Baker, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.

Corrected Opinion On Petition for Rehearing
SPECTOR, Acting Chief Judge.
Appellant was arrested for committing several robberies in Leon County, but none of the victims could identify appellant from photographs shown to them by the investigating officer.
At the trial, a witness who had seen appellant seated in the courtroom earlier in the day, identified the appellant in open court as the robber. Appellant objected to the in-court identification on the basis that he was not given a lineup. Prior to trial, counsel for the appellant and the Assistant State's Attorney stipulated that no in-court identification would be used unless appellant was afforded an opportunity for a lineup.
On March 19, 1974, this Court affirmed, without opinion, appellant's conviction for robbery. Appellant filed a timely Petition for Rehearing and we requested additional memoranda of law on the right of the prosecutor to use identification evidence at trial after the prosecution represented to defense attorney prior to trial that such evidence would not be used without a prior lineup.
A prosecutor for the state has the power to enter into a binding stipulation with opposing counsel for the disposition of some relevant point in the proceedings, Arrington v. State, 233 So.2d 634 (Fla. 1970). In fact, in this day of crowded dockets and crushing case loads, stipulations should be favored, if not encouraged.
In State v. Earnest, 265 So.2d 397 (Fla. App.1st, 1972), this Court held that even though a procedural rule specifically required a written stipulation, an oral, out-of-court, informal understanding should be enforced where to do otherwise would be manifestly unjust.
In the case sub judice appellant was entitled to a lineup and in reliance upon the representation of the State's Attorney that no in-court identification testimony would be introduced, appellant waived his right to such lineup. Appellant was entitled to rely upon the oral agreement between counsel and in fact did so to his detriment. Agreements between counsel must be enforceable if the courts are to retain the respect and confidence of the public. In Butler v. State, 228 So.2d 421 (Fla.App. 1969), the court dealt with a stipulation not to prosecute and stated:
"Criminal prosecutions are, of course, a deadly serious undertaking. They are not a game and sportsmanship is perhaps not a factor. Even so, we feel that our historical ideals of fair play and the very majesty of our government command that an advantage as here reflected not be sanctioned."
Upon reconsideration we believe that the State was bound by its agreement and reject the Attorney General's contention that the prosecutor could use the in-court identification evidence even though the prosecutor had agreed before hand not to do so. That contention ignores the fact that in reliance upon the agreement of the State's minion the defendant forewent a pretrial lineup which would have put the testimony of the identification witness to the acid test in antiseptic surroundings. If the witness had been able to identify the defendant in the lineup, the uncertainty arising from an identification made of an accused as he sits at the defendant's table in the courtroom can be avoided. We must emphasize, however, that we do not find fault with in-court identification as usually permitted. We find only that where a defendant has been deceived into *831 waiving his right to test the reliability of an identification via an unsuggestive lineup by a promise such as that sub judice, the State will not be permitted to renege on its commitment. Accordingly, we grant rehearing and reverse.
BOYER, Acting C.J., and McCORD, J., concur.