BOYER, Chief Judge.
Appellants were charged and found guilty by a jury of robbery, use of a firearm in the commission of a felony, and aggravated assault. They have appealed their convictions and 15 year prison sentences, assigning as error the failure of the trial court to order a pre-trial lineup as requested by a defense motion filed six days prior to trial.
The crucial issue at trial was identity. But for the testimony of an eyewitness, W. B. Philmon, there was insufficient evidence to sustain appellants’ convictions. Mr. Philmon testified that on the evening of August 9, 1974, two black males entered the motel that he was managing and, after a brief conversation robbed him. As the robbers were leaving the scene, one of them hit Mr. Philmon on the back of the head and knocked him out. The blow to Mr. Philmon’s head had an understandably detrimental effect on him. The first officer to arrive at the scene .of the robbery observed Mr. Philmon in a dazed and shocked condition. Further demonstrating Mr. Philmon’s dazed condition is evidence that although he had recently rented a particular room to a person he told the police that the room was empty. On September 20, 1974, the Tallahassee Police Department showed Mr. Philmon nine color photographs of black males approximately 25 years of age. From those photographs Mr. Philmon identified the appellants as the individuals who had robbed him. Both defendants testified at trial that they were in Havana, Florida, on the night of the robbery. Appellant Gibson called four witnesses to corroborate his testimony while appellant Brinson produced two witnesses to corroborate his.
Appellants’ pre-trial motion for a lineup requested the trial court not only to order a lineup either prior to or during the trial but also to prohibit Mr. Philmon from identifying either defendant in court in the absence of a pre-trial corporeal lineup. The trial court, after conducting a hearing *448 on the motion, denied it. The motion was renewed immediately prior to trial and was again denied. The issue was also presented to the trial court when defense counsel objected during trial to Mr. Philmon’s in-court identification of appellants. This objection was. overruled. Appellants have based this appeal on the failure of the trial court to provide for a pre-trial lineup as- requested.
Two fallacies in appellants’ reasoning are apparent. First, appellants do not contend that the photographic lineup from which they were positively identified was unconstitutionally suggestive.
Second, the motion for lineup specifically requested the trial court to “order the State to arrange a fair lineup identification. .” It is axiomatic that in a criminal case, defendant and his counsel, and not the State, are charged with the primary responsibility of preparing the defense. Sub judice, if the defendants were dissatisfied with the method of identification, they could have arranged for a lineup, with court assistance if necessary. For instance, the defense could have provided - for the taking of the deposition of the victim with the defendants being present, accompanied by other individuals similar in age and appearance to appellants, and could have requested the victim to make a positive identification of the assailants.
Appellants rely on James v. State, Fla.App. 1st 1975, 305 So.2d 829, for the proposition that in a proper case, there is a right to a lineup vested in a defendant. This is not such a case. In the James opinion, this Court pointed out that the identification witness could not pick out the defendant from a photographic display conducted prior to trial. Even more significantly, the prosecuting attorney had orally stipulated not to employ the witness for an in-court identification unless there was a pre-trial lineup. In the instant case, the victim made a positive identification of appellants from the photographic lineup, and the State Attorney made no stipulation whatsoever.
We agree with appellants that an identification procedure must not be so suggestive as to violate due process. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed. 2d 1199 (1967). We also agree that photographic identification is not usually as accurate nor as reliable a method of identification as a corporeal lineup. Simmons v. U. S., 390 U.S. 377, 385 (1968). However, we cannot find reversible error where appellants have requested the trial court to order the State to conduct a lineup, and where there is no hint of constitutional impropriety in the prior photographic identification.
Affirmed.
SMITH, J., and SACK, MARTIN, Associate Judge, concur.