367 So.2d 1111 (1979)
Richard J. FLAHERTY, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-1361.
District Court of Appeal of Florida, Third District.
February 27, 1979.
Emilio De La Cal, Miami, for appellant.
Jim Smith, Atty. Gen., and Susan C. Minor, Asst. Atty. Gen., Miami, for appellee.
Before PEARSON, HENDRY and SCHWARTZ, JJ.
PER CURIAM.
The appellant was adjudged guilty of carrying a concealed firearm upon his plea of nolo contendere. He specifically reserved the right to appeal a motion to dismiss, which set forth the following facts:
"COMES NOW the Defendant RICHARD JAMES FLAHERTY, by and through the undersigned attorney, and pursuant to Fla.R.Cr.Pr. 3.190, moves this Court for an order dismissing the Information heretofore filed, and in support hereof alleges.
"1. That on or about November 20, 1975, the Defendant was accepted into this Court's Pre Trial Intervention Program.
"2. That this Defendant met all of the requirements of the Pre Trial Intervention Program, thus being entitled to a dismissal of the charges.

*1112 "3. That this Defendant has received a Notice of Successful Completion from the program's Director and is entitled to a dismissal of the charges.
"4. That the State is estopped from prosecuting this case."
A traverse was not filed by the State of Florida.
The record reveals that a court-approved agreement was entered at a previous appearance of the same cause. The agreement is as follows:
"In order to participate in the Pretrial Intervention Program, I do hereby freely and voluntarily waive my right to a speedy trial. I understand that if I violate the rules of the Pretrial Intervention Program, which have been explained to me and which I have agreed to, that my case will be returned to court for prosecution. I also understand that the State Attorney has the legal right to reopen my case for a total period of two years from the date of my arrest and I have been told that, even in the event I successfully complete the Program if I am convicted of a felony after I complete the Program, but before the two years have elapsed, the State would have the legal right to recharge me with the crime for which I entered the Program."
The question presented is whether the appellant is entitled to discharge because of his having completed his bargain with the State of Florida. See Williams v. State, 341 So.2d 214 (Fla. 2d DCA 1976); Butler v. State, 228 So.2d 421 (Fla. 4th DCA 1969); State v. Davis, 188 So.2d 24 (Fla. 2d DCA 1966).
The appellant was arrested November 19, 1975, upon the charge of which he is now convicted. The testimony of the officer in charge of the pretrial intervention program shows that he entered the program in January, 1976, but that because of a failure to communicate, he did not complete the program at that time. Based upon appellant's failure to complete the program, a new information was filed against him upon the charge for which he was arrested in 1975. This information was filed August 17, 1977. Appellant was arrested pursuant to the filing of the information on November 23, 1977. Sometime after the filing of the information, the appellant contacted the director of the pretrial intervention program and was granted an appeal from the determination that he had not satisfactorily completed the program. He was thereupon reinstated and completed the program in January, 1978.
At the hearing on the motion to dismiss, the trial court found that because there had been a period in which the appellant was out of the program, there was a tolling of the period of time and that because of this failure on his part, the appellant's motion to dismiss was an "inequitable defense." There is the additional factor that the appellant has now been charged with an additional crime but no conviction for that crime appears in this record.
We hold that the cited cases are applicable and that the trial court erred in denying appellant's motion to dismiss the information in that he has complied with both of the conditions set forth in the court-approved agreement in that (1) he has completed the pretrial intervention program and (2) he has not been convicted of a felony during the two-year period from the date of his initial arrest. Therefore, the trial court erred in its determination that the breach of the rules of the pretrial intervention program was sufficient to abrogate the agreement even though appellant was reinstated and successfully completed the program. Accordingly, the judgment and sentence are reversed and the cause is remanded with directions to dismiss the information.
Reversed and remanded.