SCHEB, Acting Chief Judge.
We have for review the trial court’s summary denial of David Vetter’s motion for postconviction relief.
Vetter pled guilty to manslaughter and leaving the scene of an accident. In exchange for his plea, the state agreed to stand silent at his sentencing. He was convicted and on May 28, 1981, sentenced to consecutive prison terms of fifteen years and one year respectively.
In his motion for postconviction relief, Vetter acknowledged the state stood silent at his sentencing. Yet, he contended that he was denied due process of law because the assistant state attorney unofficially made some damaging comments to the probation officer who prepared the presentence investigation report (PSI). The prosecutor’s actions, he argued, indirectly violated the state’s agreement to stand silent and improperly influenced the court.
Subsequent to the imposition of sentence, on July 23, 1981, the same trial judge who sentenced Vetter heard his motion to modify or reduce his sentence. At that hearing, the court observed that there had not been a plea bargain in the traditional sense. The court noted the comments attributed to the assistant state attorney were included in the PSI but stated they had no effect on the court’s decision to impose the sentence. He denied Vetter’s motion, whereupon Vet-ter filed the instant motion under Florida Rule of Criminal Procedure 3.850 seeking to vacate his sentence. The trial court summarily denied his motion and this appeal ensued.
We have examined the PSI. The confidential portion of it reflects that the assistant state attorney told the probation officer who prepared the report that it was his unofficial position that what Vetter did was “murder” and that he ought to “hang” for it. That record was before the court at time of sentencing. We have full confidence in the trial court and its impartiality and note the trial judge’s comment that such statements had no bearing on the sentence he imposed. Yet, we cannot sanction the state taking a covert position hostile to a defendant who has acted on direct representations of the state’s neutrality in a sentencing procedure.
Irrespective of whether there was a plea bargain in the traditional sense, the state was bound by its representations to remain silent at Vetter’s sentencing. Here, the state did not violate its obligation directly, but it did so indirectly when the prosecutor conveyed his unofficial position to the trial court by making damaging statements to the probation officer who prepared the PSI. See Wood v. State, 357 So.2d 1060 (Fla. 1st DCA 1978).
Accordingly, we vacate Vetter’s sentence.[1] We direct the chief judge of the Thirteenth Judicial Circuit to cause the prejudicial remarks in the PSI to be excised and thereafter to assign this case to a judge *577 other than the judge who imposed the sentences for resentencing. Of course, the sentencing judge must comply with Florida Rule of Criminal Procedure 3.700, and Vet-ter shall be allowed to be present at the resentencing.
CAMPBELL and SCHOONOVER, JJ., concur.

. Ordinarily, we would remand this cause for an evidentiary hearing as contemplated by Rule 9.140(g). We have not since the critical facts relied on by this court were already documented by the record in prior adversarial evidentia-ry hearings.