# STATE OF FLORIDA v. HOYT
## Case No. 84-20294MO A08
County Court, Palm Beach County

July 16, 1985

### APPEARANCES OF COUNSEL

**Matthew Russell,** Assistant City Attorney, for plaintiff.
**Glenn H. Mitchell** for defendant.

### OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

This case concerns Defendant's right to specifically enforce an executory plea agreement with the prosecutor. At an evidentiary hearing, the Court took testimony and received documents into evidence.

### *Findings of Fact*

By a Notice to Appear issued by the Riviera Beach Police Depart-

ment, Defendant was charged with attempted possession of less than 20 grams of marijuana. At the time of his arrest, Defendant was on probation in an unrelated case. Defendant was especially concerned that this new charge would adversely affect his probationary status.

Defendant's attorney negotiated a plea bargain with the prosecutor. Defendant agreed to pay the City's police department $200.00 as costs of investigation and to execute a general release in favor of the City. In return, the State agreed to nolle prosse the charge. Defendant accepted the State's offer. He executed the release, gave his attorney the money for the payment, and told his probation officer that these charges would be dropped. Defendant then moved to upstate New York where he is now a permanent resident.

After Defendant had moved out of Florida, the prosecutor changed his mind about the plea bargain. Even though Defendant's attorney was eager to turn over the $200.00 and the release, the prosecutor refused to nolle prosse the case. After the prosecutor refused the attorney's offer of performance, this motion to enforce the plea bargain or to dismiss the case was filed.

### Conclusions of Law

Defendant contends that his plea bargain with the prosecutor bars the State from continuing to prosecute him. However, neither the United States Constitution nor the Rules of Criminal Procedure afford Defendant a basis of relief. In addition, the facts of this case do not demonstrate a prosecutorial violation of the public trust extreme enough to warrant specific enforcement of the plea bargain.

### I

Florida courts have recognized that prosecutors have broad discretion in performing their duties. E.g., State v. Werner, 402 So.2d 386, 387 (Fla. 1981). Without having to obtain leave of court, a prosecutor may discontinue prosecution by entering a nolle prosequi prior to a jury being sworn, *Wilson v. Renfroe*, 91 So.2d 857, 859 (Fla. 1957); *State v. Sokol*, 208 So.2d 156 (Fla. 3rd DCA 1968), or before a defendant's guilty plea has been accepted by the trial court. *Cabrera v. State*, 415 So.2d 898 (Fla. 3rd DCA 1982). Similarly, in the give and take negotiations of plea bargaining, a prosecutor may freely exercise his own judgment concerning the method and means of resolving a case. *E.g., Bordenkircher v. Hayes*, 434 U.S. 357, 364-65, 98 S.Ct. 663, 667-68, 54 L.Ed.2d 204 (1978).

However, in the plea bargaining process, a prosecutor's conduct is

subject to certain controls. As a matter of constitutional law, a prosecutor may not undermine the voluntariness or consensual nature of a defendant's guilty plea. *Mabry v. Johnson,* — U.S. —, 104 S.Ct. 2543, 81 L.Ed. 2d 437 (1984). Thus, in carrying out a plea bargain, a prosecutor at a plea conference before the Court is required to take the position or to make the recommendation which formed part of the plea agreement with the defendant. *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed. 2d 427 (1971) (prosecutor's office reneged on promise to make no recommendation to the Court as to sentence); *Crossin v. State,* 262 So.2d 250 (Fla. 4th DCA 1972) (prosecutor failed to recommend that defendant be placed on probation); *Vetter v. State,* 425 So.2d 575 (Fla. 2d DCA 1982) (prosecutor indirectly breached his plea agreement by making damaging statements to be included in a presentence investigation); *Wood v. State,* 357 So.2d 1060 (Fla. 1st DCA 1978). If a defendant has pled guilty based in part on a prosecutor's broken promise, such a plea is not intelligent and knowing, and is in violation of the Due Process Clause of the United States Constitution. *Mabry v. Johnson,* 104 S.Ct. at 2547; *see, Crossin v. State,* 262 So.2d at 251. Where Forida courts have found that prosecutors have so breached plea agreements, the cases have been remanded to the trial court either for resentencing by a different judge, *Vetter v. State,* 425 So.2d at 576-77, or to allow the defendant to withdraw his plea. *Lollar v. State,* 443 So.2d 1079 (Fla. 2d DCA 1984); *Crossin v. State,* 262 So.2d at 25; *Nova v. State,* 439 So.2d 255, 263 (Fla. 3rd DCA 1983).

In the case at bar, Defendant complains that the prosecutor withdrew a plea offer after acceptance by Defendant and before the plea was accepted by the Court. This is not a case where a defendant entered a plea and was sentenced after the prosecutor reneged on the plea agreement. A defendant's mere acceptance of a prosecutor's proposed plea bargain creates no constitutional right to have the bargain specifically enforced. *Mabry v. Johnson,* 104 S.Ct. at 2548.

A plea bargain standing alone is without constitutional significance; in itself it is a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest. *Id.* at 2546.

The principle that no constitutional protection clothes executory plea agreements is embodied in Florida's Rule of Criminal Procedure. Rule 3.172(f) plainly states that no "plea offer or negotiation is binding" until formally accepted by the trial judge. Until such in-court acceptance, either party may withdraw its offer. *State v. Reasbeck,* 359 So.2d 550 (Fla. 4th DCA 1984); *Harden v. State,* 453 So.2d 550 (Fla. 4th

**149**

DCA 1984). Thus, in this case, neither the Due Process Clause nor the Rules of Criminal Procedure prohibit the prosecutor's change of heart.

## II

On other than constitutional or rule grounds, Florida courts have held prosecutors to their word. No clear rule of law has emerged from these cases. In dicta, one court has indicated that "specific performance of a plea bargain is not available to a defendant in the absence of a clear showing of irrevocable prejudice. . ." *Odom v. State*, 310 So.2d 770, 771 (Fla. 2d DCA 1975); *see, Barker v. State*, 259 So.2d 200, 204 (Fla. 2d DCA 1972). In passing, the Florida Supreme Court has suggested that a defendant's reliance on a prosecutor's promise requires specific performance of the promise. *Davis v. State*, 308 So.2d 27, 29 (Fla. 1975). Other courts have specifically enforced prosecutors' plea bargain promises while pointing to a defendant's (1) complete performance of his side of a plea agreement, *Williams v. State*, 341 So.2d 214, 216 (Fla. 2d DCA 1976); *Flaherty v. State*, 367 So.2d 1111 (Fla. 3rd DCA 1979), (2) detrimental reliance upon the State's promise, *cf., State v. Reasbeck*, 359 So.2d at 564; *Ballard v. State*, 458 So.2d 796 (Fla. 3rd DCA 1984), or (3) detrimental reliance upon the State's promise *and* resulting prejudice, *cf., State v. Borrego*, 445 So.2d 666, 668 (Fla. 3rd DCA 1984).

The rationale for specific enforcement of a prosecutor's side of an executory plea agreement was articulated in *Davis v. State*, 188 So.2d 24, 27 (Fla. 2d DCA 1966), *cert. den.*, 194 So.2d 621 (Fla. 1966). There the Second District characterized the State's plea agreement as a "pledge of public faith—a promise made by state officials—and one that should not be lightly disregarded." *Id.* at 27. Rather than imposing a contract analysis on the problem, the *Davis* court analyzed the issue in terms of the more general standards of fair play and trust in our government. *Accord, Butler v. State*, 228 So.2d 421, 424-25 (Fla. 4th DCA 1969). With such a theoretical basis, trial court approval is not a precondition to a defendant's demand for specific performance of a plea bargain. The "pledge of public faith" occurs at the time the prosecution enters into an agreement with a defendant. A court's later approval of a plea bargain neither enhances nor detracts from the prosecutorial obligation to uphold "our historial notions of fair play and the very majesty of our government. . ." *State v. Butler*, 228 So.2d at 424-25; *see, State v. Davis*, 188 So.2d at 28. The responsibility of a prosecutor to act fairly derives from the stature and function of the office itself and not from court approval of a prosecutor's actions. *See, James v. State*, 305 So.2d 829 (Fla. 1st DCA 1975). (State's

**150**

pretrial evidentiary stipulation held specifically enforceable). Therefore, a defendant need not demonstrate that a court had previously accepted a plea bargain in order to obtain specific enforcement.

No case has delineated a standard for when specific performance of a prosecutorial promise will be required. However, examination of the relevant cases reveals certain factors which must exist before a court holds a prosecutor to a plea bargain.

1. A fully formed plea bargain in which the obligations of each side have been clearly expressed. *See, State v. Reasbeck*, 349 So.2d at 565 (Moore, J., concurring); *Annot.*, 16 A.L.R. 4th at 1089, 1101 (1982).

2. The defendant's portion of the plea bargain involves his performance of certain extensive acts, *see, Flaherty v. State*, 367 So.2d at 1112 (defendant completed Pretrial Intervention Program); *Williams v. State*, 341 So.2d at 215 (defendant required to "sincerely and honestly" assist police as informant), or a waiver of a constitutional right, *see, James v. State*, 305 So.2d at 830 (pretrial lineup); *State v. Fuller*, 387 So.2d at 1041 (submission to polygraph examination).

3. In reliance on the State's offer, the defendant has fully performed his portion of the agreement. *E.g., Butler v. State*, 228 So.2d at 423-24 (defendant submitted to polygraph examination which supported his veracity); *cf., State v. Reasbeck*, 359 So.2d at 565 (defendant did nothing in reliance on State's offer); *Annot.*, 16 A.L.R. 4th at 1095-1100 (1982). A defendant's actual performance under an agreement, not his mere willingness to perform, is what generates a right to specific performance. *State v. Borrego*, 445 So.2d at 668.

Based on these requirements, Defendant is not entitled to specific performance of the plea bargain. Although he was desirous of doing so, Defendant was never required to perform his portion of the agreement. The performance required of Defendant under the bargain—execution of a release and payment of money—were not extensive. Defendant did not waive a constitutionally protected right or otherwise place himself at risk in reliance on the State's promise. Defendant's ability to defend his case was not legally or tactically impaired by his preparation to honor the plea bargain.

Defendant's relocation to New York in reliance on the plea offer is not the type of resulting prejudice which justifies specific performance. To rule otherwise would unduly restrict the negotiating freedom allowed under the Florida Rules of Criminal Procedure. Rule 3.172(f) allows either side to withdraw from a plea before the trial judge accepts it on the record in open court. *Harden v. State*, 453 So.2d at 350. Therefore, it is unreasonable for a defendant to base lifestyle

**151**

decisions on a plea bargain prior to its approval by the Court. That this Defendant would incur additional expenses in his defense is not sufficient reason to restrict the prosecutor's freedom under Rule 3.172(f). It is therefore

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss is denied.