510 So.2d 1168 (1987)
The STATE of Florida, Appellant,
v.
Edwardo GORAYEB, Appellee.
No. 87-68.
District Court of Appeal of Florida, Third District.
August 11, 1987.
Robert A. Butterworth, Atty. Gen. and Michael J. Neimand, Asst. Atty. Gen., for appellant.
Sophie DeMayo, Miami, for appellee.
Before SCHWARTZ, C.J., and HENDRY and BASKIN, JJ.
SCHWARTZ, Chief Judge.
This is a state appeal from an order dismissing a refiled information on the ground that the defendant had successfully completed the pretrial intervention program resulting in an earlier nolle prosse of the identical charge. We reverse for determination below of the issue of whether, as alleged by the prosecution, Gorayeb had breached that portion of the pretrial intervention agreement that he not "violate any laws" during the course of his participation in the program. Cf. Flaherty v. State, 367 So.2d 1111 (Fla. 3d DCA 1979) (no breach of condition that defendant not be convicted of felony during stated period).
If the trial court determines[1] that Gorayeb had indeed committed a crime while in *1169 the program, the terms of the agreement would be unenforceable and the instant case must be permitted to go forward. See United States v. Hicks, 693 F.2d 32 (5th Cir.1982) (breach of plea bargain precludes enforceability by defendant), cert. denied, 459 U.S. 1220, 103 S.Ct. 1226, 75 L.Ed.2d 461 (1983); Hoffman v. State, 474 So.2d 1178 (Fla. 1985) (same); Brown v. State, 367 So.2d 616 (Fla. 1979) (same); Lerman v. Cornelius, 423 So.2d 437 (Fla. 5th DCA 1982) (same). A contrary factual finding would of course result in the re-entry of an order of dismissal.
Reversed.
HENDRY, J., concurs.
BASKIN, Judge (concurring).
I concur in the result but write separately to stress the importance of the trial court's consideration of applicable statutes of limitation in this type of proceeding.
NOTES
[1] The parties have requested what amounts to an advisory opinion as to the burden of proof applicable to this proceeding. By way of pure dictum, we observe that while because only a breach of contract is technically involved, an argument might be made for the civil preponderance test, it seems more appropriate, because of the consequences of the decision, that the intermediate "clear and convincing" burden be applied. See Ferris v. Turlington, 510 So.2d 292 (Fla. 1987).