ALTENBERND, Judge.
The state appeals an order dismissing the information filed against Robert J. Fitzgerald. The trial court concluded it had lost jurisdiction because the state did not announce its intention to prosecute Mr. Fitzgerald during the term of a deferred prosecution agreement. We reverse.
On November 24, 1991, Mr. Fitzgerald allegedly choked his spouse and pushed her to the floor several times. She was 5½ months pregnant at the time. On December 19, 1991, the state filed an information charging him with battery of a pregnant woman, a second-degree felony. In February 1992, Mr. Fitzgerald waived speedy trial and entered into a “domestic violence deferred prosecution agreement.”[1] On February 18, 1992, the trial court entered an order ratifying and approving the deferred prosecution agreement. In the order, the court required Mr. Fitzgerald to perform the conditions of the agreement and retained jurisdiction to enforce the agreement. It should be noted that Mr. Fitzgerald was allowed to maintain his not-guilty plea while participating in this program.
The agreement requires Mr. Fitzgerald to participate in the program for a total of twelve months. As a part of the program, he agreed to attend counseling sessions. During the program, the state attorney’s office had the right to revoke or modify the conditions of the agreement in some respects. The agreement further provides:
[U]pon completion of this program, the State Attorney in his sole discretion, shall make the final determination as to further disposition of this charge.
Both parties understand and agree that the State Attorney’s decision regarding full compliance with this agreement on the part of the defendant shall be final and shall not be reviewable by any court.[2]
According to the state, Mr. Fitzgerald did not comply with the agreement. The record contains copies of several letters allegedly sent to Mr. Fitzgerald and his attorney, advising that he had not appeared for counseling and warning that the case would be reactivated if he did not comply.
In August 1993, the trial court scheduled a status conference for September 9, 1993. At *216 the scheduled conference, the trial court noted that more than a year had elapsed since the defendant entered into the agreement. The trial court stated that pretrial intervention is “kind of like probation.” Accordingly, the trial court ruled that the state was required to take some affirmative step on the record to reactivate the case within the term of the agreement. Because it had not, the trial court granted the defendant’s oral motion to dismiss for lack of jurisdiction.
A motion to revoke probation must be filed during the probationary term in order for the court to have jurisdiction to revoke that probation. Rodriguez v. State, 511 So.2d 444 (Fla. 2d DCA 1987). This rule is based on the language in section 948.04(2) that “[u]pon the termination of the period of probation, the probationer shall be released from probation and is not liable to sentence for the offense for which probation was allowed.”
This deferred prosecution agreement, however, is not comparable to probation. The defendant was not required to enter a plea to the charges. If the case is reinstated, the state must prove the charges against Mr. Fitzgerald just as if no agreement had existed. Jeopardy has never attached in this ease, which has been stayed during the pen-dency of the agreement.[3] The agreement expressly provides that the state attorney’s office will make its final decision concerning disposition of the charge after completion of the program.
Mr. Fitzgerald encourages this court to establish guidelines for determining how long the state can wait to reactivate such a case. Cf. McCoy v. State, 599 So.2d 645 (Fla.1992) (supreme court formulates rules to govern cases in which state maintains defendant has not fulfilled a plea agreement). We decline to do so. The trial court is authorized to schedule a hearing at the end of statutory pretrial intervention proceedings to determine what additional steps must be taken to close the case, after consideration of the recommendations of the administrator and the state attorney. See § 948.08(6)(b), Fla.Stat. (1993). There would appear to be no reason why the trial court could not schedule a similar hearing in cases in which the intervention is by special agreement rather than under the statutory format.
Reversed and remanded.
SCHOONOVER, A.C.J., and PARKER, J., concur.

. This domestic violence deferred prosecution agreement was not based on any statutory pretrial intervention program. Battery of a pregnant woman is a violent second-degree felony and is not an offense for which statutory pretrial intervention is authorized. § 948.08, Fla.Stat. (1991). Apparently, the state attorney’s office in the Sixth Judicial Circuit created this program to cope with the increasing problem of domestic violence.

. Cf. § 948.08(5), Fla.Stat. (1993) (providing that at end of intervention period, "The state attorney shall make the final determination as to whether the prosecution shall continue.”); § 948.-08(6)(c)2, Fla.Stat. (1993) ("The court shall dismiss the charges upon a finding that the defendant has successfully completed the pretrial intervention program.”).

. Unless confronted by a short statute of limitations, it would seem that the state could achieve a similar result by nolle pressing the charges during the agreement and refiling if the defendant does not comply with the agreement. Cf. State v. Gorayeb, 510 So.2d 1168 (Fla. 3d DCA 1987) (remanding trial court's dismissal of refiled information after defendant allegedly breached pretrial intervention agreement); State v. McClain, 509 So.2d 1360 (Fla. 2d DCA 1987) (after plea agreement is set aside, state has option of prosecuting defendant on original charges).