PER CURIAM.
The Defendant was charged with felony driving with a suspended license in violation of section 322.34 of the Florida Statutes. She filed a motion to vacate her plea and/or post-conviction relief, and/or petition for writ of error coram nobis, which the trial court denied. We reverse and remand.
In April 1998, the Defendant pled no contest and was sentenced to eighteen months probation. In July 1998, after the time for a timely appeal, one of the predicate driving with a suspended license convictions was vacated. The Defendant filed a motion for post-conviction relief, seeking to withdraw her plea based on the vacation of one of the predicate offenses, but the trial court denied the motion relying on an additional predicate offense not mentioned in the information. On appeal, the Defendant argues that the trial court’s reliance on an additional predicate conviction not mentioned in the information deprived her of the right to rebut or challenge the validity of the additional conviction. We agree and reverse.
In Batchelor v. State, 729 So.2d 956 (Fla. 1st DCA 1999), the defendant asserted an error was made on his sentencing score-sheet by scoring a conviction for which he had been acquitted. See id. at 958-59. The state conceded the error, but offered certified copies of additional convictions, which would, upon recalculation of the scoresheet, result in a sentencing score at least as high as the sentence being appealed. See id. The trial court took judicial notice of the additional convictions and imposed sentence. See id. The First District reversed, concluding reliance on the additional convictions deprived the defendant of an opportunity to challenge the propriety of using the additional convictions. See id.
Likewise, we conclude in the present case that the trial court’s reliance on the additional predicate offense not mentioned in the information deprived the Defendant of an opportunity to challenge said offense. Although a trial court has discretion in determining whether to allow the withdrawal of a guilty plea, see Hunt v. State, 613 So.2d 893, 896 (Fla.1992), a withdrawal should be permitted where justice and fairness so require, see Macker v. State, 500 So.2d 256, 258 (Fla. 3d DCA 1986). Here, because justice and fairness require that the Defendant be allowed to withdraw her plea, the trial court abused its discretion. Accordingly, we reverse and remand.
REVERSED and REMANDED.
GUNTHER, GROSS and HAZOURI, JJ., concur.