729 So.2d 956 (1999)
James Walter BATCHELOR, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 98-3139.
District Court of Appeal of Florida, First District.
January 22, 1999.
*957 Appellant pro se.
Robert A. Butterworth, Attorney General; James W. Rogers, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, J.
Appellant seeks review of an order which summarily denied his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The motion asserted that trial counsel had been ineffective in failing to object to the guidelines scoresheet upon which his sentence was based because it erroneously scored two prior convictions, and in failing to object to the amount of jail credit awarded. We affirm as to the latter claim without discussion. However, because the guidelines scoresheet claim is not conclusively refuted by the trial court's order and the portions of the record attached to it, we are constrained to reverse the summary denial of that claim, and to remand for further proceedings.
Appellant alleged that his trial counsel had been ineffective in failing to object to errors in the prior record portion of the sentencing guidelines scoresheet after appellant had pointed them out. More specifically, appellant claimed (1) that 4.8 points had been scored for a prior aggravated assault of which he had been acquitted; and (2) that 7.2 points had been scored for a prior robbery with a firearm as to which he had pleaded no contest, adjudication had been withheld, and he had successfully completed his probation. Appellant further alleged that he had been harmed by trial counsel's failure to object because he had received the longest sentence permitted by the erroneously computed scoresheet, and a correctly computed one would reduce the maximum permitted guidelines sentence by 15 months.
*958 In response to an order to show cause, the state conceded that the aggravated assault should not have been scored. However, it represented that it had discovered two additional convictions (certified copies of which were attached to the response) that had not been scoredfor the second-degree felony of making threatening communications and the misdemeanor of fraudulent use of a credit card. The state argued that the two unscored convictions would result in a higher point total than that reflected on the scoresheet, even after the points attributable to the aggravated assault had been deleted, and that, therefore, any error was harmless and the trial court should merely correct the scoresheet without a hearing. The state did not respond to the other claims made by appellant because the trial court had not asked it to.
Following the state's response, the trial court entered its order denying relief. With regard to appellant's scoresheet error claim, the trial court concluded that (1) the robbery with a firearm had been properly scored, notwithstanding the allegation that adjudication had been withheld, because, for guidelines purposes, Florida Rule of Criminal Procedure 3.702(d)(2) defines "conviction" as "a determination of guilt resulting from plea or trial, regardless of whether adjudication was withheld or whether imposition of sentence was suspended"; and (2) the erroneous scoring of the aggravated assault was harmless because, taking judicial notice of the additional unscored convictions discovered by the state, it was apparent that a recalculated scoresheet would not result in a lower score.
Appellant argues that the trial court's reliance upon rule 3.702(d)(2) as the basis for denying his challenge to the scoring of the prior robbery with a firearm violates the ex post facto clauses of the state and federal constitutions. U.S. Const. art. I, § 10, cl. 1; Fla. Const. art. I, § 10. However, given our treatment of the issue, we find it unnecessary to reach the constitutional question.
Florida Rule of Criminal Procedure 3.702(d)(2) defines "conviction" as "a determination of guilt resulting from plea or trial, regardless of whether adjudication was withheld or whether imposition of sentence was suspended." Our research leads us to conclude that this definition is nothing more than an effort to codify case law. In Florida, it is generally recognized that "the term `conviction' means determination of guilt by verdict of the jury or by plea of guilty, and does not require adjudication by the court." State v. Gazda, 257 So.2d 242, 243-44 (Fla.1971). An adjudication of guilt following a plea of no contest also qualifies as a "conviction." Raydo v. State, 696 So.2d 1225 (Fla. 1st DCA 1997), approved in part and quashed in part, 713 So.2d 996 (Fla.1998). However, a no-contest plea followed by a withhold of adjudication is not a "conviction." Garron v. State, 528 So.2d 353 (Fla.1988). Accord United States v. Willis, 106 F.3d 966 (11th Cir.1997) (interpreting Florida law). Having alleged that he pleaded no contest to the robbery with a firearm charge, that adjudication was withheld, and that he successfully completed his probation, it seems to us that appellant has established a prima facie claim that the robbery with a firearm should not have been scored as prior record, and that trial counsel was ineffective in failing to object to its being scored.
The trial court concluded that the error in scoring the aggravated assault was harmless because a recalculated scoresheet which included the additional unscored prior convictions discovered by the state would result in a score at least as high as that which appellant was challenging. However, in order to consider the additional convictions discovered by the state, the trial court took judicial notice of them. This procedure deprived appellant of any opportunity to challenge the propriety of using the additional convictions for guidelines purposes. As such, it was error. See Vencil v. State, 715 So.2d 334 (Fla. 1st DCA 1998) (it was error to deny a rule 3.850 challenge to alleged guidelines scoresheet errors based upon information regarding unscored prior convictions obtained from a probation officer because such information was not a part of the record).
Based upon the foregoing discussion, we reverse the trial court's summary denial of appellant's scoresheet claim and remand for further proceedings. Should the trial court again determine that summary denial is appropriate, *959 it shall attach to its order those portions of the record that conclusively show that appellant is not entitled to relief. Otherwise, the trial court shall hold a hearing.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ALLEN and BROWNING, JJ., CONCUR.