799 So.2d 1126 (2001)
Eliezer NEGRON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-2519.
District Court of Appeal of Florida, Fifth District.
November 16, 2001.
James B. Gibson, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert E. Bodnar, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, C.J.
Eliezer Negron appeals the sentence imposed after resentencing pursuant Heggs v. State, 759 So.2d 620 (Fla.2000). During sentencing, the court included in the score sheet calculation a prior offense of robbery with a firearm. Appellant contends that the offense should not have been scored because Negron had entered a no contest plea, had adjudication withheld, and successfully completed probation. We agree and reverse.
Rule 3.702(d)(2), Florida Rules of Criminal Procedure, provides:
(2) `Conviction' means a determination of guilt resulting from plea or trial, regardless of whether adjudication was withheld or whether imposition of sentence was suspended.
In Batchelor v. State, 729 So.2d 956, 958 (Fla. 1st DCA 1999) the court stated:
Our research leads us to conclude that this definition is nothing more than an effort to codify case law. In Florida, it is generally recognized that "the term `conviction' means determination of guilt by verdict of the jury or by plea of guilty, and does not require adjudication by the court." State v. Gazda, 257 So.2d 242, 243-44 (Fla.1971). An adjudication of guilt following a plea of no contest also qualifies as a "conviction." Raydo v. State, 696 So.2d 1225 (Fla. 1st DCA 1997), approved in part and quashed in part, 713 So.2d 996 (Fla.1998). However, a no-contest plea followed by a withhold of adjudication is not a "conviction." Garron v. State, 528 So.2d 353 (Fla. 1988). Accord United States v. Willis, 106 F.3d 966 (11th Cir.1997) (interpreting Florida law). Having alleged that *1127 he pleaded no contest to the robbery with a firearm charge, that adjudication was withheld, and that he successfully completed his probation, it seems to us that appellant has established a prima facie claim that the robbery with a firearm should not have been scored as prior record, and that trial counsel was ineffective in failing to object to its being scored.
The state argues that this interpretation flies in the face of the rule, and that Batchelor relied on pre-guidelines case law in interpreting the rule. However, in St. Lawrence v. State, 785 So.2d 728, 730 (Fla. 5th DCA 2001) this court held: "Because a plea of no contest with an adjudication of guilt withheld and with probation successfully completed does not entail a `determination of guilt,' such offenses should not be included as `prior record' under the sentencing guidelines." This court relied on the above quote from Batchelor. Id. Further, in State v. Freeman, 775 So.2d 344 (Fla. 2d DCA 2000), the second district aligned itself with Batchelor in this regard. Accordingly, the sentence in this case is reversed and the cause remanded for resentencing in accordance with Batchelor and Lawrence.
REVERSED AND REMANDED.
PLEUS, J., concurs.
SAWAYA, J., concurs in result only.