821 So.2d 464 (2002)
Sheldon MONTGOMERY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-3201.
District Court of Appeal of Florida, Fourth District.
July 24, 2002.
Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
*465 KLEIN, J.
Appellant was convicted of resisting arrest with violence, resisting arrest without violence, and two counts of ticket scalping. We affirm his convictions without further discussion, but address his argument that a plea of no contest, followed by adjudication withheld, is not a prior conviction when calculating a scoresheet.
This issue has been addressed by the other district courts of appeal. In Batchelor v. State, 729 So.2d 956, 958 (Fla. 1st DCA 1999), the court held that a plea of no-contest, followed by adjudication withheld, is not a conviction. The court premised its holding on Garron v. State, 528 So.2d 353 (Fla.1988), in which our supreme court came to that conclusion for purposes of sentencing in a death penalty case. Two other courts have agreed with Batchelor. See State v. Freeman, 775 So.2d 344 (Fla. 2d DCA 2000); Negron v. State, 799 So.2d 1126 (Fla. 5th DCA 2001). In Hill v. State, 805 So.2d 61 (Fla. 3d DCA 2002), the third district, in dicta, disagreed with Batchelor.
We disagree with Batchelor and those cases which have followed it because Garron, the case on which the Batchelor court relied, is distinguishable. In Garron the issue was whether a plea of no contest, followed by the withholding of adjudication of guilt, could be considered a conviction which would qualify as a statutory aggravating factor to support a sentence of death. The statute, section 921.141(5), Florida Statutes (1975), provided that a prior conviction of a felony involving the use of threat of violence to the person was an aggravator for the trial judge to consider in deciding whether to impose a death sentence where the jury had recommended life. McCrae v. State, 395 So.2d 1145 (Fla. 1980). There was no statutory definition of conviction applicable in Garron.
We conclude that Garron does not control because there is a statutory definition of conviction for purposes of preparing a scoresheet. Section 921.0021(2), Florida Statutes (1999) defines conviction as follows:
"Conviction" means a determination of guilt that is the result of a plea or a trial, regardless of whether adjudication is withheld.
This statute was first enacted as section 921.0011, Florida Statutes, in 1993, Chapter 93-406, § 9, Laws of Florida.
Although appellant cites Batchelor and Garron, he recognizes that the statutory definition of conviction must be addressed. He argues that his prior convictions do not meet that definition because there is no "determination of guilt," as contemplated in the statute, when a defendant pleads no contest and adjudication of guilt is withheld.
We disagree with appellant's argument that the words "determination of guilt" mean that there is a distinction between no-contest pleas and guilty pleas where adjudication is withheld. First, the statute makes no distinction between the two types of pleas. Second, no-contest pleas and guilty pleas are processed by trial courts in an identical manner.
Rule 3.172(a) requires the court, for both guilty and no-contest pleas, to "be satisfied that the plea is voluntarily entered and that there is a factual basis for it." In addition, a judgment must be entered, even where the defendant pleads no-contest and adjudication of guilt is withheld. Fla. R.Crim. P. 3.986. And, when a defendant pleads no contest and the court withholds adjudication of guilt, it must either place the defendant on probation or community control. § 948.01(2) and (3), Fla. Stat. (1999). See also Raulerson v. State, 763 So.2d 285, 294 (Fla.2000)(the court is authorized to withhold adjudication *466 if it places a defendant on probation). Fla. R.Crim. P. 3.670 (a judge may withhold adjudication of guilt "if the judge places the defendant on probation").
The fact that guilty and no-contest pleas are treated the same by trial courts is consistent with case law which deems a no-contest plea, for purposes of the charge to which defendant is pleading, to be a guilty plea. Pensacola Lodge No. 497, Benevolent & Protective Order of Elks v. State, 74 Fla. 498, 77 So. 613, 614 (1917)("where a plea of nolo contendere is accepted it is not necessary in passing sentence for a court to adjudge the party to be guilty, for that follows as a legal inference from the implied confession in the plea"); Hudson v. U.S., 272 U.S. 451, 47 S.Ct. 127, 71 L.Ed. 347 (1926)(a no-contest plea, "like a plea of guilty, is an admission of guilt for the purposes of the case").
Our analysis is consistent with the expressed intent of Chapter 921, which is to punish offenders "who have repeatedly committed criminal offenses and have demonstrated an inability to comply with less restrictive penalties previously imposed." § 921.0001, Fla. Stat. (1999). Appellant's prior convictions, all of which followed no contest pleas, were for aggravated battery, carrying a concealed firearm, and two cocaine possessions. Not scoring these, merely because he pled no contest, would be inconsistent with section 921.0001.
To sum up, when a court withholds adjudication of guilt following a no-contest plea, it must still: (1) find a factual basis for the plea, (2) enter a judgment and (3) sentence the defendant to either probation or community control. Inherent in that process is a determination of guilt, just as there is when a defendant pleads guilty and adjudication is withheld. The trial court did not, accordingly, err in scoring the prior convictions.
We therefore affirm, but certify conflict with Batchelor, Freeman and Negron.
POLEN, C.J., and TAYLOR, J., concur.