831 So.2d 716 (2002)
Ronald G. CELLA, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-2910.
District Court of Appeal of Florida, Fifth District.
November 1, 2002.
Rehearing Denied December 10, 2002.
*717 James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Lori N. Hagan, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
Ronald Cella appeals the order denying his motion to withdraw his nolo contendere plea to attempted burglary of a structure. Cella argues that withdrawal should have been allowed because he was not informed at the time of his plea that even though adjudication was to be withheld, he would still have to register as a convicted felon. We disagree and affirm.
Cella pled nolo contendere to the charge of attempted burglary of a structure and, pursuant to a plea agreement, adjudication was withheld and he was placed on a two-year period of probation which would terminate after twelve months if he met all the conditions and committed no violations. Two days after entering the plea, Cella filed a motion to withdraw the plea. The basis of Cella's motion to withdraw his plea, as specifically alleged in the motion and testified to by Cella in two subsequent hearings, was that he was never informed he would have to register with the Sheriff's Department pursuant to section 775.13, Florida Statutes, which specifically requires registration if a nolo contendere plea is entered and adjudication of guilt is withheld. Cella maintained he did not want to register because he did not want his employer to know that he had been arrested for the charge to which he pled. Cella further contended that he was under the impression that by entering a nolo contendere plea, he was not considered a convicted felon.
Ultimately, the trial court denied Cella's motion to withdraw his plea, concluding that the requirement that Cella register as a convicted felon was a collateral consequence of the plea and, therefore, its failure to inform him of the consequence did not rise to the level of manifest injustice.[1] On appeal, Cella argues that reversal is required because 1) the registration requirement of section 775.13 will have extreme consequences for him, given the fact he has no prior felony convictions or pleas and he will be in jeopardy of losing his livelihood as a result of the registration, and 2) he was misled by his attorney and the court about whether he would be convicted of the offense to which he pled.
After reviewing the record, we do not find the consequences as extreme as Cella would have us believe. The scoresheet contained in the record reflects that in addition to twelve misdemeanor convictions, Cella's criminal history includes a conviction for felony petty theft. Thus, if Cella complied with section 775.13, as he *718 was supposed to, he is already or has been a registered felon. Moreover, the conditions of his probation specifically require Cella to notify his employer that he is on probation for the charge to which he pled. The Order of Probation rendered by the trial judge on August 29, 2001, provides in pertinent part:
It is further ordered that the Defendant shall comply with the following STANDARD CONDITIONS AND SANCTIONS OF PROBATION/COMMUNITY CONTROL.
* * *
(8) You will work diligently at a lawful occupation, advise your employer of your Probation or Community Control status, and support any other dependents to the best of your ability, as directed by your Probation or Community Control Officer.
On the same date, Cella signed the order stating that "I acknowledge receipt of a certified copy of this order, and that the conditions have been explained to me." (Emphasis added).
The trial judge questioned Cella about this condition of his probation during the hearing:
The Court: I don't know how you could think that you wouldn't have your employer notified about the entry of this plea if you were placed on probation.
Mr. Cella: They told me that after a year of probation if I did everything, then it would be thrown out.
The Court: That's not what my problem is. When people are placed on probation, one of the requirements that a probation officer has to report to the court about is whether or not the probationer is gainfully employed. That requires the probation officer to notify the employer.
Mr. Cella: I found that out when I went to the probation office.
The Court: Well?
Mr. Cella: Up to that point, nobody told me anything about that that my employer had to be notified or whatever. That upset me too.
The Court: Well, what would you expect, you know, probation to be all about if you weren't being supervised about something from probation?
Mr. Cella: I had no idea. I didn't find out until I went to the probation office. I had no idea. I just went and did what I was told.
Given Cella's criminal history as reflected on his scoresheet and the Order of Probation which was explained to him, Cella's testimony that he had no idea of the employer notification requirements of his probation or of the registration requirements of section 775.13 is incredulous.[2]
We do not agree with Cella's contention that he was misled about his conviction status by the trial court and/or Cella's attorney. When Cella questioned the trial court about what would occur at the end of the year if he completed his probation, the trial court responded, and correctly so, that "[i]f you successfully complete your probation you will be terminated and you won't be on supervision any longer." When Cella asked what happens to the charge, his attorney responded:
It's a withhold. It's just on your record, it's not a conviction, but it shows you entered a plea and served a penalty to attempted burglary. It's something that will show up in a record search, but it's *719 not a conviction, so you can say you're not a convicted felon.
We find nothing legally inaccurate or misleading about this statement. "[A] defendant who has adjudication of guilt withheld and successfully completes the term of probation imposed `is not a convicted person.'" State v. Gloster, 703 So.2d 1174, 1176 (Fla. 1st DCA 1997) (quoting Thomas v. State, 356 So.2d 846, 847 (Fla. 4th DCA 1978)).[3] However, if probation is revoked, the defendant must be adjudicated guilty of the charged offense. See § 948.06(1), Fla. Stat. (2001). Moreover, Florida courts have consistently held that when a defendant pleads nolo contendere and the trial court withholds adjudication of guilt, as the trial court did with Cella, the defendant is not convicted. See Negron v. State, 799 So.2d 1126, 1126 (Fla. 5th DCA 2001) ("[A] no-contest plea followed by a withhold of adjudication is not a `conviction.'") (citing Garron v. State, 528 So.2d 353 (Fla.1988)); see also United States v. Willis, 106 F.3d 966 (11th Cir.1997) (interpreting Florida law); St. Lawrence v. State, 785 So.2d 728 (Fla. 5th DCA 2001); State v. Freeman, 775 So.2d 344 (Fla. 2d DCA 2000); Batchelor v. State, 729 So.2d 956 (Fla. 1st DCA 1999).
Cella was also advised that his plea and sentence would "show up in a records search." This, too, is correct. The clerk of the circuit court maintains criminal files and, unless sealed, they are generally open to public inspection. Hence, even if registration was not required, any employer who wanted to check Cella's criminal history would have access to that information through the clerk's office.
The record clearly shows that Cella was not misled and that he was given accurate and correct information concerning the nature of a withhold of adjudication of guilt in accordance with established case law from the Florida courts. The problem here is not that Cella was misled by either the trial court or his attorney, but that he was not specifically advised that he had to register under section 775.13. However, it is not necessary to advise a defendant of the registration requirement in order to accept a plea. Donovan v. State, 773 So.2d 1264 (Fla. 5th DCA 2000) (affirming denial of motion to vacate plea upon claim that defendant would not have entered the plea had he known he would be required to report to FDLE as a convicted sex offender). Registration under section 775.13 is not a direct consequence of the plea. Rather, it is a collateral consequence, and the courts have consistently held that a defendant may not set aside a plea on the basis that he or she was not advised of a collateral consequence.[4] Like this court in *720 Donovan, the trial court in the instant case denied Cella's motion because the registration requirements of section 775.13 are a collateral consequence of the plea and, therefore, the court was not required to advise Cella of that consequence. We conclude that the trial court was correct.
"The trial court's decision regarding withdrawal of a plea will generally not be disturbed on appeal, absent a showing of an abuse of discretion. Therefore, the appropriate standard of review in this case is whether the trial court abused its discretion in denying [the defendant's] motion to vacate." Bacon v. State, 738 So.2d 973, 973 (Fla. 4th DCA 1999) (citing Hunt v. State, 613 So.2d 893, 896 (Fla.1992)). Generally a plea will not be vacated unless the defendant can show manifest injustice. Lynn v. State, 687 So.2d 39 (Fla. 5th DCA 1997) (citations omitted); State v. Fox, 659 So.2d 1324 (Fla. 3d DCA 1995). To conclude, based on the particular facts and circumstances of this case, that Cella has shown manifest injustice sufficient to set aside his plea lowers the bar of manifest injustice too low. Accordingly, we affirm the trial court's order denying Cella's motion to withdraw his plea.
AFFIRMED.
THOMPSON, C.J., and SHARP, W., J., concur.
NOTES
[1] The trial court also determined that Cella's motion should have been brought pursuant to Florida Rule of Criminal Procedure 3.850. This was error. Rule 3.170(l), Florida Rules of Criminal Procedure, clearly provides that "[a] defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(B)(i)-(v)." Cella's motion, filed two days after imposition of his sentence, contended that he did not understand the consequences of his plea. "One aspect of a voluntary plea is that the defendant understand the reasonable consequences of his [or her] plea...." Major v. State, 814 So.2d 424, 429 (Fla.2002) (citations omitted); see also Fla. R.Crim. P. 3.172(c)(1). Therefore, because the motion was filed within thirty days of the imposition of Cella's sentence, it was the proper vehicle to challenge his plea.
[2] We have found nothing in the record to indicate that the information provided on the scoresheet regarding Cella's criminal history is incorrect. Moreover, Cella did not voice any objections to the scoresheet at the time of his plea and sentence.
[3] Adjudication of guilt may be withheld only if the defendant is placed on probation. Fla. R.Crim. P. 3.670; State v. Gloster, 703 So.2d 1174 (Fla. 1st DCA 1997).
[4] Major, 814 So.2d at 428 ("`Trial counsel need only advise a defendant of direct consequences of a plea.'") (quoting Bethune v. State, 774 So.2d 4, 5 (Fla. 2d DCA 2000) (citations omitted)); Whipple v. State, 789 So.2d 1132, 1138 (Fla. 4th DCA 2001) ("A trial court is required to inform a defendant only of the direct consequences of the plea, and is under no duty to advise the defendant of any collateral consequences."); Donovan v. State, 773 So.2d 1264 (Fla. 5th DCA 2000) (quoting Daniels v. State, 716 So.2d 827, 828 (Fla. 4th DCA 1998)).

In Major, the supreme court expressly approved the Fourth District Court's distinction between direct and collateral consequences of a plea and quoted from Zambuto v. State, 413 So.2d 461, 462 (Fla. 4th DCA 1982) (quoting Cuthrell v. Director, Patuxent Inst., 475 F.2d 1364, 1366 (4th Cir.1973)):
The distinction between "direct" and "collateral" consequences of a plea, while sometimes shaded in the relevant decisions, turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment. Major, 814 So.2d at 431. Therefore, registration under section 775.13 does not have any "effect on the range of the defendant's punishment" because it is not a form of punishment for the crime committed. Hence, under the Major definition, registration is a collateral consequence of the plea.