897 So.2d 1282 (2005)
Sheldon MONTGOMERY, Petitioner,
v.
STATE of Florida, Respondent.
No. SC02-1943.
Supreme Court of Florida.
March 17, 2005.
*1283 Carey Haughwout, Public Defender and Peggy Natale, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, FL, Celia A. Terenzio, Bureau Chief and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, FL, for Respondent.
QUINCE, J.
We have for review the decision of the Fourth District Court of Appeal in Montgomery v. State, 821 So.2d 464 (Fla. 4th DCA 2002), which certified conflict with the decisions of the First District Court of Appeal in Batchelor v. State, 729 So.2d 956 (Fla. 1st DCA 1999), the Second District Court of Appeal in State v. Freeman, 775 So.2d 344 (Fla. 2d DCA 2000), and the Fifth District Court of Appeal in Negron v. State, 799 So.2d 1126 (Fla. 5th DCA 2001). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons which follow, we approve the Fourth District's decision in Montgomery and disapprove the decisions in Batchelor, Freeman, and Negron.

FACTS AND PROCEDURAL HISTORY
Sheldon Montgomery was convicted of resisting arrest with violence, resisting arrest without violence, and two counts of ticket scalping. Montgomery was sentenced to sixteen months' imprisonment. The sentence was based on a scoresheet that scored Montgomery's prior withheld adjudications as prior convictions. Previously, Montgomery pled no contest to aggravated battery, carrying a concealed firearm, and two counts of cocaine possession. Adjudication was withheld on each charge. Montgomery appealed to the Fourth District, arguing that pleas of no contest, followed by withheld adjudications, should not be scored as prior convictions on the criminal punishment scoresheet. The Fourth District disagreed and held that a no contest plea was a prior *1284 conviction because it was a determination of guilt. However, the Fourth District certified conflict with Batchelor v. State, 729 So.2d 956 (Fla. 1st DCA 1999), State v. Freeman, 775 So.2d 344 (Fla. 2d DCA 2000), and Negron v. State, 799 So.2d 1126 (Fla. 5th DCA 2001).

LAW AND ANALYSIS
The issue in this case is whether a plea of nolo contendere, where adjudication of guilt has been withheld, serves as a prior conviction for purposes of the sentencing guidelines. For sentencing purposes, chapter 921, Florida Statutes, provides that prior convictions are scored on the sentencing guidelines worksheet in computing a defendant's sentence. See § 921.0014, Fla. Stat. (2002). Section 921.0021 defines a conviction as "a determination of guilt that is the result of a plea or a trial, regardless of whether adjudication is withheld." See § 921.0021(2), Fla. Stat. (2002); see also Fla. R.Crim. P. 3.701(d)(2)("`Conviction' means a determination of guilt resulting from plea or trial, regardless of whether adjudication was withheld or whether imposition of sentence was suspended."). The Fourth District in this case held that Montgomery's no contest pleas were properly calculated on the scoresheet as prior convictions. The Fourth District reasoned that because the statute made no distinction between guilty and no contest pleas, and both pleas were processed in an identical manner, there had been a determination of guilt. See Montgomery v. State, 821 So.2d 464, 466 (Fla. 4th DCA 2002).
The First District in Batchelor, however, reached a contrary conclusion. In Batchelor, the defendant pled no contest to a robbery with a firearm charge. In a subsequent trial, points were scored for the robbery offense. The First District held that the prior robbery with a firearm charge, to which the defendant had entered a no-contest plea, was not a conviction for the purposes of the sentencing guidelines. The First District reasoned:
Florida Rule of Criminal Procedure 3.702(d)(2) defines "conviction" as "a determination of guilt resulting from plea or trial, regardless of whether adjudication was withheld or whether imposition of sentence was suspended." Our research leads us to conclude that this definition is nothing more than an effort to codify case law. In Florida, it is generally recognized that "the term `conviction' means determination of guilt by verdict of the jury or by plea of guilty, and does not require adjudication by the court." State v. Gazda, 257 So.2d 242, 243-44 (Fla.1971). An adjudication of guilt following a plea of no contest also qualifies as a "conviction." Raydo v. State, 696 So.2d 1225 (Fla. 1st DCA 1997), approved in part and quashed in part, 713 So.2d 996 (Fla.1998). However, a no-contest plea followed by a withhold of adjudication is not a "conviction." Garron v. State, 528 So.2d 353 (Fla.1988).
Batchelor, 729 So.2d at 958.
The Second District and the Fifth District have aligned themselves with the decision in Batchelor. In Freeman, the defendant was convicted of two felonies. At the defendant's sentencing hearing, he objected to the scoring of two prior felonies to which he had pled no contest and adjudication of which had been withheld. The trial court agreed and excluded from the scoresheet three prior misdemeanors to which the defendant had pled guilty and adjudication of which had been withheld. The State appealed, arguing a no contest plea followed by a withhold of adjudication and completed probation was a "conviction" under Florida Rule of Criminal Procedure 3.704(d)(6). The Second District *1285 disagreed with the State and affirmed the trial court's ruling. See Freeman, 775 So.2d at 345. Similarly, in Negron, the defendant pled no contest to robbery with a firearm. The defendant was later charged with another crime and objected to the trial court scoring his prior no contest plea as a conviction. Agreeing with Batchelor and Freeman, the Fifth District held that a no contest plea, where adjudication was withheld, was not a conviction. See Negron, 799 So.2d at 1127.
In contrast to the Batchelor, Freeman, and Negron line of cases, the State argues that in Florida it is well settled that a no contest plea is a determination of guilt. The State cites to this Court's 1917 opinion which explained:
Where a plea of nolo contendere is accepted it is not necessary in passing sentence for the court to adjudge the party to be guilty, for that follows as a legal inference from the implied confession in the plea; but the court should adjudge that the defendant is convicted of the offense charged, and the sentence which follows should impose the penalty as provided by law.
Pensacola Lodge No. 497 v. State, 74 Fla. 498, 77 So. 613, 614 (1917).
Montgomery points out that more recently this Court came to a different conclusion on the effect of no contest pleas. In Garron v. State, 528 So.2d 353 (Fla.1988), this Court considered the issue of whether a no contest plea, followed by a withheld adjudication, was a conviction for purposes of determining an aggravating circumstance in a capital crime. This Court, relying on McCrae v. State, 395 So.2d 1145 (Fla.1980), reiterated the position that guilty pleas with adjudication withheld are considered convictions for purposes of capital sentencing. Despite this language in Garron, the Legislature, eleven years after Garron, enacted section 921.0021,[1] defining convictions and specifically including convictions whether or not adjudication is withheld.
A finding that a no contest plea is a prior conviction, regardless of adjudication being withheld, is consistent with the legislative intent of section 921.0021(2). In construing the meaning of a statute, we first look at its plain language. "When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (quoting A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157, 159 (1931)). Moreover,
"[o]ne of the most fundamental tenets of statutory construction requires that we give statutory language its plain and ordinary meaning, unless words are defined in the statute or by the clear intent of the legislature." When necessary, the plain and ordinary meaning of words can be ascertained by reference to a dictionary.
Seagrave v. State, 802 So.2d 281, 286 (Fla.2001) (citation omitted) (quoting Green v. State, 604 So.2d 471, 473 (Fla.1992)). Here, the statutory language is clear and unambiguous. A conviction is a "determination of guilt that is the result of a plea or a trial, regardless of whether adjudication is withheld." § 921.0021(2), Fla. Stat. (2002). The statute clearly indicates the Legislature wanted to include all determinations of guilt even where adjudication had been withheld.
Furthermore, "`legislative intent is the polestar that guides' the Court's inquiry." *1286 State v. Rife, 789 So.2d 288, 292 (Fla.2001) (quoting McLaughlin v. State, 721 So.2d 1170, 1172 (Fla.1998)). The legislative intent for sentencing guidelines is clear in that it "is designed to emphasize incarceration in the state prison system for violent offenders and nonviolent offenders who have repeatedly committed criminal offenses and have demonstrated an inability to comply with less restrictive penalties previously imposed." § 921.0001, Fla. Stat. (2002). Also, "[t]he primary purpose of sentencing is to punish the offender. Rehabilitation is a desired goal of the criminal justice system but is subordinate to the goal of punishment.... The severity of the sentence increases with the length and nature of the offender's prior record." § 921.002(1)(b), (d), Fla. Stat. (2002).
Once legislative intent is established, the statute must be read as a whole. See Joshua v. City of Gainesville, 768 So.2d 432 (Fla.2000). Generally, all parts of the statute must be read together. See Forsythe v. Longboat Key Beach Erosion Control District, 604 So.2d 452, 455 (Fla.1992). "Where possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another." Id. In accordance with these principles, we find that no contest pleas, where adjudication was withheld, are prior convictions for purposes of sentencing under section 921.0014. For sentencing purposes, a conviction is defined as "a determination of guilt that is the result of a plea or a trial, regardless of whether adjudication is withheld." § 921.0021(2), Fla. Stat. (2002). Prior record is defined as "a conviction for a crime committed by the offender, as an adult or a juvenile, prior to the time of the primary offense." § 921.0021(5), Fla. Stat. (2002). When these provisions are considered as a whole, the logical inference is that a no contest plea, where adjudication was withheld, is included as a conviction because the statute does not distinguish between guilty pleas and nolo contendere pleas. Consequently, we find that Montgomery's no contest plea, even though adjudication was withheld, should be considered a prior conviction for sentencing purposes.

CONCLUSION
We therefore hold that a no contest plea followed by a withhold of adjudication is a conviction for purposes of sentencing under section 921.0014. We approve the decision in Montgomery and disapprove the decisions in Batchelor, Freeman, and Negron to the extent that they are inconsistent with this opinion.
It is so ordered.
WELLS, LEWIS, and CANTERO, JJ., concur.
BELL, J., dissents with an opinion, in which PARIENTE, C.J., and ANSTEAD, J., concur.
BELL, J., dissenting.
The question in this case is whether a prior plea of nolo contendere, where adjudication of guilt was withheld, counts as a "prior conviction" when calculating a defendant's sentence on a current conviction. I believe a plain reading of the sentencing statute compels that the question be answered in the negative. I therefore respectfully dissent.
In the sentencing statute, the term "conviction" is defined as "a determination of guilt that is the result of a plea or a trial, regardless of whether adjudication is withheld." § 921.0021(2), Fla. Stat. (2004). The key words here are "determination of guilt." Where a defendant pleads nolo contendere, and is not subsequently adjudicated guilty, there has been no "determination of guilt that is the result of a plea or a trial." A plea of nolo contendere does not establish guilt. "A nolo plea means `no contest,' not `I confess.' "Garron v. State, 528 So.2d 353, 360 (Fla.1988).
*1287 The sentencing statute clearly expresses the Legislature's intent that the finding of a prior conviction, for sentencing purposes, need not rest on a formal adjudication of guilt. But it is equally clear that where there has been no adjudication of guilt, there must at least have been "a determination of guilt that is the result of a plea or a trial." A guilty plea, for instance, even if adjudication of guilt is withheld, amounts to a "conviction" under chapter 921 because it is "a determination of guilt that is the result of a plea." Similarly, a verdict of guilt, even absent formal adjudication of guilt, amounts to a "conviction" under chapter 921 because it is "a determination of guilt that is the result of ... a trial." But a plea of nolo contendere that is not accompanied by any separate determination of guilt cannot, under the statutory definition, be considered a "conviction."[2]
Our precedent supports this distinction. In Garron v. State, 528 So.2d 353, 360 (Fla.1988), we held that a nolo contendere plea, with adjudication withheld, was not a "conviction" and, therefore, could not be considered as an aggravating circumstance in a capital sentencing proceeding. We emphasized that a nolo contendere plea does not entail an admission of guilt: a defendant who enters a plea of nolo contendere does not plead guilty, and the nolo contendere plea "does not function as ... a [guilty] plea." Id. at 360.[3]
Just as we held in Garron, I would hold here that to establish a "prior conviction" there must have been either an adjudication of guilt, or a plea or a trial that results in a determination of guilt. A plea of nolo contendere, without a subsequent adjudication of guilt, does not constitute a "conviction" as that term is used in chapter 921. This is the result reached by the First, Second, and Fifth District Courts of Appeal. I would approve those decisions and quash the Fourth District's decision in this case. Accordingly, I respectfully dissent.
PARIENTE, C.J., and ANSTEAD, J., concur.
NOTES
[1] See ch. 97-194, Laws of Fla.
[2] In the Florida Sexual Predators Act, the Legislature defined the term "conviction" more broadly  in a way that does in fact include pleas of nolo contendere. See § 775.21(2)(c), Fla. Stat. (2004) (defining "conviction" as "a determination of guilt which is the result of a trial or the entry of a plea of guilty or nolo contendere, regardless of whether adjudication is withheld"). In chapter 921, on the other hand, the Legislature did not employ such a broad definition, and any interpretation of section 921.0021(2) should account for this fact. We must assume that the Legislature had a reason for defining the term "conviction" differently in different contexts.
[3] Similarly, in Raydo v. State, 696 So.2d 1225 (Fla. 1st DCA 1997), approved in part and quashed in part, 713 So.2d 996 (Fla.1998), the First District held that for purposes of impeaching a witness with a prior conviction, a plea of nolo contendere without an adjudication of guilt did not constitute a conviction because the witness "had neither pleaded guilty [to] nor been found guilty by a jury of" the charge. Id. at 1226.