979 So.2d 301 (2008)
STATE of Florida, Appellant/Cross-Appellee,
v.
Leonard Jeffrey MASON, Appellee/Cross-Appellant.
Nos. 5D07-167, 5D07-327.
District Court of Appeal of Florida, Fifth District.
March 14, 2008.
Rehearing Denied April 24, 2008.
*302 Bill McCollum, Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellant/Cross-Appellee.
J. Melanie Slaughter, Ocala, for Appellee/Cross-Appellant.
ORFINGER, J.
The State of Florida appeals the sentence imposed on Leonard Mason following his conviction of lewd and lascivious molestation by a person eighteen years or older on a child less than twelve years of age in violation of section 800.04(5)(a)(b), Florida Statutes (2004). The State contends that the trial court was required to impose the minimum mandatory sentence set forth in the Dangerous Sexual Felony Offender Act, section 794.0115, Florida Statutes (2004), because Mr. Mason's no contest plea to the same offense in an earlier case constitutes a prior "conviction." Mr. Mason responds that since the trial court withheld adjudication of guilt in his earlier case, he has no prior conviction for purposes of the Act. We find merit in the State's argument and reverse on the sentencing issue. Mr. Mason cross-appeals, arguing that the trial court erred by admitting similar fact evidence. We find no merit to Mr. Mason's cross-appeal and affirm on this issue without further comment.
The Dangerous Sexual Felony Offender Act requires the imposition of a twenty-five year minimum mandatory sentence on any defendant twice or more convicted of certain enumerated sex crimes. However, the Act does not define the term "conviction." As a result, we must construe the term "conviction" as used in the Act. In doing so, we recognize that the term "conviction" is a "chameleon-like" term that has drawn its meaning from the particular statutory context in which the term is used. Raulerson v. State, 763 So.2d 285, *303 291 (Fla.2000) (citing State v. Keirn, 720 So.2d 1085, 1086 (Fla. 4th DCA 1998)).
"Statutory interpretation is a question of law subject to de novo review." BellSouth Telecommunications, Inc. v. Meeks, 863 So.2d 287, 289 (Fla.2003). The courts' job in construing a statute is to give effect to the Legislature's intent. State v. J.M., 824 So.2d 105, 109 (Fla.2002). To determine legislative intent, courts look first to the plain language of the statute. Joshua v. City of Gainesville, 768 So.2d 432, 435 (Fla.2000). Only when the statutory language is unclear or ambiguous, do courts apply rules of statutory construction and explore legislative history to determine legislative intent. Weber v. Dobbins, 616 So.2d 956, 958 (Fla.1993).
Legislative intent is gathered from consideration of the statute as a whole rather than from any one part thereof. State v. Hayles, 240 So.2d 1, 3 (Fla.1970). A law should be construed together with any other statute relating to the same subject matter or having the same purpose if they are compatible. Fla. Jai Alai, Inc. v. Lake Howell Water & Reclamation Dist., 274 So.2d 522, 524 (Fla. 1973). Consequently, to determine the Legislature's intent in using the word "conviction" in the Act, we are guided by other statutes touching on the same subject to the extent possible. Id. at 525.
The obvious intent of the Act is to provide enhanced sentences for repeat sex offenders. That purpose is best achieved if the term "conviction" in the Act is construed in the same manner as it is used in other statutes dealing with sentencing issues. Almost universally in the criminal sentencing context, "conviction" has been either defined by the Legislature or construed by the court to include no contest pleas followed by withheld adjudication. See, e.g., § 775.084(2), Fla. Stat. (2004) (defining "conviction" to include adjudication of guilt withheld for purposes of habitual felony offender, habitual violent felony offender and three time violent felony offender sentencing); § 775.0837, Fla. Stat. (2004) (defining "conviction" to include entry of plea of guilty or no contest, regardless of whether adjudication is withheld for purposes of habitual misdemeanor sentencing); Montgomery v. State, 897 So.2d 1282 (Fla.2005) (holding that "conviction" under Criminal Punishment Code, chapter 921, Florida Statutes, includes no contest pleas followed by withheld adjudication of guilt);[1]Raulerson, 763 So.2d 285 (holding that prior no contest plea followed by withhold adjudication is a conviction for felony driving while license suspended). But see Garron v. State, 528 So.2d 353 (Fla. 1988) (holding that no contest plea followed by withheld adjudication is not "conviction" for capital sentencing purposes).
Although we concede that the Act could be clearer, having considered its purpose and having viewed criminal sentencing laws in their totality, we conclude that for purposes of the Act, a plea of no contest *304 followed by a withheld adjudication of guilt constitutes a conviction. Accordingly, we reverse the sentence and remand for resentencing.
AFFIRMED in part; REVERSED in part; and REMANDED.
GRIFFIN and EVANDER, JJ., concur.
NOTES
[1] In Montgomery, 897 So.2d 1282, the Florida Supreme Court approved of the Fourth District Court's decision in Montgomery v. State, 821 So.2d 464 (Fla. 4th DCA 2002), and disapproved of this Court's decision in Negron v. State, 799 So.2d 1126 (Fla. 5th DCA 2001), the First District Court's decision in Batchelor v. State, 729 So.2d 956 (Fla. 1st DCA 1999), and the Second District Court's decision in State v. Freeman, 775 So.2d 344 (Fla. 2d DCA 2000), and departed from its own holding in Garron v. State, 528 So.2d 353 (Fla. 1988). This Court issued several opinions in reliance on this line of cases, in which it held that a no contest plea followed by a withhold of adjudication is not a "conviction." See, e.g., Cella v. State, 831 So.2d 716 (Fla. 5th DCA 2002); St. Lawrence v. State, 785 So.2d 728, 730 (Fla. 5th DCA 2001). In light of the supreme court's decision in Montgomery, 897 So.2d 1282, these cases are of questionable viability.