988 So.2d 724 (2008)
Leroy WASHINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4864.
District Court of Appeal of Florida, Fourth District.
August 20, 2008.
Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
The issue is whether, where adjudication was withheld under a plea agreement, a defendant who pleaded no contest to lewd and lascivious conduct in 1992, and was thereupon sentenced to 10 years probation, is deemed to have been "convicted of a sexually violent offense" within the meaning of section 394.912(2), Florida Statutes (2007), under the Jimmy Ryce Act (JRA).[1] For the following reasons, we conclude he was not convicted of the offense and reverse his indefinite commitment under JRA as a sexually violent predator.
JRA provides for involuntary civil commitment of sexually violent predators. It applies to "all persons currently in custody who have been convicted of a sexually violent offense ... as well as to all persons convicted of a sexually violent offense and sentenced to total confinement in the future." § 394.925. As to "convicted of a violent offense," JRA provides that the person must qualify under one of the following provisions:

*725 (a) adjudicated guilty of a sexually violent offense after a trial, guilty plea, or plea of nolo contendere;
(b) adjudicated not guilty by reason of insanity of a sexually violent offense; or
(c) adjudicated delinquent of a sexually violent offense after a trial, guilty plea, or plea of nolo contendere.
§ 394.912(2). In all three of these possibilities, the issue is whether the statute explicitly requires an actual adjudication. The record here establishes free of doubt that defendant's 1992 offense never involved an adjudication of any kind.
Some statutes expressly define a conviction to include a disposition where an accused pleads no contest or guilty but a formal adjudication is withheld. See, e.g., Montgomery v. State, 897 So.2d 1282 (Fla. 2005) (recognizing that § 921.0021(2) (2002) defines conviction to include withhold adjudication and probation under no contest plea); Westberry v. State, 906 So.2d 1141 (Fla. 3d DCA 2005) (recognizing that probation or community control without adjudication of guilt constitutes conviction under § 775.084(2), Fla. Stat. (2002)). The JRA statute, however, fails to include that express provision. The obvious meaning is that when the Legislature has determined to define conviction to include adjudication withheld dispositions, it will say so in express terms. See Holly v. Auld, 450 So.2d 217, 219 (Fla. 1984) ("[W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning."). In JRA section 394.912(2)(a), the Legislature explicitly defined conviction to require a formal adjudication of guilt of the qualifying offense.
In spite of defendant's plea of no contest to lewd and lascivious conduct and sentence to probation, the trial court withheld adjudication of guilt in his case. Hence defendant was never "convicted of a sexually violent offense", as expressly defined by JRA section 394.912(2)(a). JRA does not authorize his indefinite commitment. Therefore he must be discharged.
Reversed.
WARNER and GROSS, JJ., concur.
NOTES
[1] §§ 394.910-.930, Fla. Stat. (2007).