GRIFFIN, J.
 

 Peter Price [“Price”] appeals his judgment and sentence for failure of a sex offender to properly register. He argues that the trial court erred by denying his motion to dismiss the charge. Specifically, he contends that because adjudication was withheld on his prior offenses after he entered a plea of nolo contendere, he was not convicted and, therefore, is not a sexual offender who is required to register under section 943.0435, Florida Statutes. We disagree, and affirm.
 

 Price was adjudicated guilty of two counts of sexual activity with a child by a person in familial or custodial authority in 1992 and sentenced to consecutive terms of nine years in the Department of Corrections followed by twenty years of probation on count one and twenty years of probation on count two. Price appealed, and this Court reversed and remanded for a new trial.
 
 Price v. State,
 
 627 So.2d 64 (Fla. 5th DCA 1993). On remand, in February of 1994, Price entered a plea of nolo contendere to two counts of the lesser included offense of lewd and lascivious assault upon a child in violation of section 800.04, Florida Statutes. The offenses were alleged to have occurred between September 22, 1987, and July 31, 1990. The trial court withheld adjudication and sentenced Price to five years of probation. Price successfully completed probation on May 4,1999.
 

 At the hearing on Price’s motion to dismiss, he described his experiences with registration:
 

 Q. [W]hile on probation, were you eventually informed by your probation officer that a new law had come in exis
 
 *855
 
 tence in October of 1997 and you were going to have to register as a Sex Offender?
 

 A. I showed up for my probation officer and I was taken from there to the Department of Motor Vehicles and had a State ID card issued as a Sex Offender. And when we got back I went, from there I went to Mr. Dubbeld’s office. And Mr. Dubbeld said, We’ll take care of that when we take care of sealing the record at the end of your probation.
 

 Q. And did you successfully complete the full five years of your probation?
 

 A. Yes, sir.
 

 Q. And was there ever any Affidavit of Violation of Probation filed against you in that entire 60-month period?
 

 A. No.
 

 Q. And once you got off of probation you had registered as the 1997 law said you were supposed to?
 

 A. Yes, sir. They send me a thing in the mail every year and I send it back to them.
 

 Q. Did there come a time when you were informed that there — if you were, I guess around 1998, maybe '99, 2000, that if you were crime free for a period of 10 years that you could come off the Sex Offender registry?
 

 A. Yes, sir. I was aware of that fact.
 

 Q. That had been explained to you?
 

 A. It had been explained to me.
 

 Q. Did there then come a time from 2000, 2001, 2002, 3, 4, 5, that you were informed that the law had — Legislature had now again changed the law, and that you — it was no longer 10 years crime free, you would have to be 20 years crime free?
 

 A. You gave me that information after I retained you.
 

 Q. Okay. And that, just for that to get on the record, that was in 2005 that you met with me?
 

 A. Yes.
 

 [[Image here]]
 

 Q. And then did there come a time in 2005, 2006, 2007 that again the Legislature changed the law, and that you now were required to not only register with the Department of Highway Safety and Motor Vehicles, which you had done; also with the Florida Department of Law Enforcement, which you had done and continue to do, but also twice a year with the sheriffs office?
 

 A. Yes, sir.
 

 Q. And that was on your birth month?
 

 A. On my birth month and six months after.
 

 Q. Okay. When you first came and met with me, do you remember that we put together a letter to then State Attorney Tanner saying that we wanted to test this law specifically as it related to you and how you found yourself in this circumstance from an allegation from back in 1987?
 

 A. Yes, sir.
 

 Q. And then did there come a time in 2008 when you did register with the sheriffs office?
 

 A. Yes, sir. I registered in March of 2008.
 

 Q. Okay. And then you, according to the new law, 2006, 2007, you were required to register a second time six months later?
 

 A. Yes, sir.
 

 Q. And you chose at that time not to do that so as to trigger a test of your status?
 

 A. Yes, sir.
 

 Q. And once you were arrested — after being arrested you immediately went in and registered as—
 

 
 *856
 
 A. The very next day.
 

 The trial court entered an order denying Price’s motion to dismiss the charge. In the order, the trial court succinctly explained:
 

 The court denies defendant’s motion.
 
 See,
 
 Fla. Stat. s. 943.0435 (1997) (sex offender reporting statute);
 
 Montgomery v. State,
 
 897 So.2d 1282 (Fla.2005) (defendant’s plea of no contest followed by withhold of adjudication of guilt is a determination of guilt for the purpose of sentencing guidelines);
 
 State v. Mason,
 
 979 So.2d 301 (Fla. 5th DCA 20[0]8) (no contest plea constituted a prior “conviction” of the charge lewd and lascivious molestation within the meaning of Fla. Stat. s. 794.0115, the Dangerous Sexual Felony Offender Act); and
 
 Freeland v. State,
 
 832 So.2d 923 (Fla. 1st DCA 2002) (registration and reporting requirements of Fla. Stat. s. 943.0435 are regulatory and procedural in nature and do not violate the ex post facto clause.)
 

 Price then entered a plea of nolo contende-re to the charge of failure of a sex offender to properly register, reserving the right to appeal the trial court’s denial of his motion to dismiss the charge. The trial court adjudicated Price guilty and sentenced him to six months in the Volusia County jail.
 

 Price argues on appeal that because adjudication was withheld on his prior offenses after he entered a plea of nolo contendere, he was not convicted and, therefore, is not a sexual offender who is required to register under section 943.0435, Florida Statutes.
 

 Section 943.0435, Florida Statutes, entitled “Sex offenders required to report to the department; penalty,” was enacted in 1997 and provided in pertinent part:
 

 (1) As used in this section, the term:
 

 (a) “Sex offender” means a person who has been:
 

 1. Convicted of committing, or attempting, soliciting, or conspiring to commit, any of the criminal offenses proscribed in the following statutes in this state or analogous offenses in another jurisdiction: s. 787.025, chapter 794, s. 796.03, s. 800.04, s. 827.071, s. 847.0133, s. 847.0135, s. 847.0145, or any similar offense committed in this state which has been redesignated from a former statute number to one of those listed in this subparagraph.
 

 2. Released on or after October 1, 1997, from the sanction imposed for any conviction of an offense described in subparagraph 1. For purposes of subparagraph 1., a sanction imposed in this state or in any other jurisdiction includes, but is not limited to, a fíne, probation, community control, parole, conditional release, control release, or incarceration in a state prison, federal prison, private correctional facility, or local detention facility.
 

 (b)
 
 “Convicted” means the person has been determined guilty as a result of a plea or a trial, regardless of whether adjudication is withheld.
 

 (Emphasis added). In 1999, when Price’s probation ended, section 943.0435(l)(b) had been amended to read:
 

 (b) “Convicted” means that, regarding the person’s offense, there has been a determination of guilt as a result of a trial or the entry of a plea of guilty or nolo contendere, regardless of whether adjudication is withheld.
 

 Thereafter, in 2008
 
 [1]
 
 , when Price was charged with failure of a sex offender to
 
 *857
 
 properly register, section 943.0435(l)(b) provided:
 

 (b) “Convicted” means that there has been a determination of guilt as a result of a trial or the entry of a plea of guilty or nolo contendere, regardless of whether adjudication is withheld, and includes an adjudication of delinquency of a juvenile as specified in this section....
 

 Under the 1999 and 2008 language of section 943.0435, “convicted” for purposes of sex offender registry included entry of a plea of nolo contendere, regardless of whether adjudication was withheld. Based upon the record, Price indisputably met the criteria under the 1999 and 2008 versions of section 943.0435 to be a sex offender who was required to register. Price relies on the fact that the language of the 1997 version of section 943.0435 does not mention a plea of nolo contendere where adjudication was withheld under the definition of “convicted.” Rather, it provides: “ ‘Convicted’ means the person has been determined guilty as a result of a plea or a trial, regardless of whether adjudication is withheld.”
 

 The fact that Price met the criteria under the 1999 and 2008 versions of section 943.0435, rather than the 1997 version, is controlling because the sex offender registry requirements commenced when Price’s probation ended in 1999, and the State alleged in the information that Price failed to properly register in 2008. Even if the 1997 statutes were applicable, however, “convicted” for purposes of sex offender registry under the 1997 version of section 943.0435 also included the entry of a plea of nolo contendere where adjudication was withheld. In
 
 Montgomery v. State,
 
 897 So.2d 1282, 1286 (Fla.2005), the Florida Supreme Court “h[e]ld that a no contest plea followed by a withhold of adjudication is a conviction for purposes of sentencing under section 921.0014.” Importantly, “[sjection 921.0021 define[d] a conviction as ‘a determination of guilt that is the result of a plea or a trial, regardless of whether adjudication is withheld.’ ”
 
 Id.
 
 at 1284. Since the definition of “convicted” in the 1997 version of section 943.0435 is essentially the same as the section 921.0021 definition of conviction,
 
 Montgomery
 
 supports the conclusion that “convicted” under the 1997 version of section 943.0435 included the entry of a plea of nolo contendere where adjudication was withheld.
 
 [2]
 

 AFFIRMED.
 

 TORPY and ORFINGER, JJ., concur.
 

 [1]
 

 . During a portion of the time between when Price’s probation ended and he was charged with failure of a sex offender to properly register, namely from July 1, 2000 to June 30, 2007, the definition of "convicted” in section 943.0435 provided: " 'Convicted' means that
 
 *857
 
 there has been a determination of guilt as a result of a trial or the entry of a plea of guilty or nolo contendere, regardless of whether adjudication is withheld.” § 943.0435, Fla. Stat. (July 1, 2000 to June 30, 2007).
 

 [2]
 

 . Price cites to
 
 Cella v. State,
 
 831 So.2d 716 (Fla. 5th DCA 2002),
 
 St. Lawrence v. State,
 
 785 So.2d 728 (Fla. 5th DCA 2001), and
 
 State v. Gloster,
 
 703 So.2d 1174 (Fla. 1st DCA 1997) in support of his contention that the entry of a plea of nolo contendere where adjudication was withheld does not constitute a conviction. In
 
 State v. Mason,
 
 979 So.2d 301, 303 n. 1 (Fla. 5th DCA 2008), this Court said:
 

 In
 
 Montgomery,
 
 897 So.2d 1282, the Florida Supreme Court approved of the Fourth District Court's decision in
 
 Montgomery v. State,
 
 821 So.2d 464 (Fla. 4th DCA 2002), and disapproved of this Court’s decision in
 
 Negron v. State,
 
 799 So.2d 1126 (Fla. 5th DCA 2001), the First District Court's decision in
 
 Batchelor v. State,
 
 729 So.2d 956 (Fla. 1st DCA 1999), and the Second District Court’s decision in
 
 State v. Freeman,
 
 775 So.2d 344 (Fla. 2d DCA 2000), and departed from its own holding in
 
 Garron v.
 
 
 *858
 

 State,
 
 528 So.2d 353 (Fla.1988). This Court issued several opinions in reliance on this line of cases, in which it held that a no contest plea followed by a withhold of adjudication is not a "conviction."
 
 See, e.g., Cella v. State,
 
 831 So.2d 716 (Fla. 5th DCA 2002);
 
 St. Lawrence v. State,
 
 785 So.2d 728, 730 (Fla. 5th DCA 2001). In light of the supreme court's decision in
 
 Montgomery,
 
 897 So.2d 1282, these cases are of questionable viability.