DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**M.T.,** a child,
Petitioner,

v.

**DEPARTMENT OF JUVENILE JUSTICE** and
**MAJOR DUVIEL ROSELLO,**
as Superintendent of the Broward Juvenile Detention Center,
Respondents.

Nos. 4D23-1351

[July 12, 2023]

Petition for writ of habeas corpus to the Seventeenth Judicial Circuit, Broward County; Elijah H. Williams, Judge; L.T. Case No. 23-560DL.

Antony P. Ryan, Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, and Richard G. Bartmon, Assistant Regional Counsel, West Palm Beach, for petitioner.

Ashley Moody, Attorney General, Tallahassee, and Deborah Koenig, Senior Assistant Attorney General, West Palm Beach, for respondents.

GERBER, J.

The juvenile in a delinquency proceeding petitions for a writ of habeas corpus seeking release from a second 21-day secure detention. The juvenile contends his initial 21-day secure detention had expired before the circuit court ordered the second 21-day secure detention, thus depriving the circuit court of the authority to extend the secure detention.

We disagree and deny the petition. Section 985.26(2)(b), Florida Statutes (2022), provides trial courts with broad discretion to extend secure detention of juveniles charged with certain serious offenses based on the totality of the circumstances, including the preservation of public safety. Because the juvenile here had a history of absconding and only being found when he was arrested on new charges, section 985.26(2)(b) did not preclude the circuit court from adding a second 21-day secure detention.

## *Procedural History*

On March 20, 2023, the juvenile was arrested for the following charges in Broward County: (1) aggravated battery on a law enforcement officer with a deadly weapon, a first-degree felony; (2) fleeing or attempting to elude a law enforcement officer, a third-degree felony; and (3) grand theft auto, a third-degree felony.

According to the arrest affidavit, the juvenile was driving a stolen vehicle. When a police officer in a marked vehicle with lights activated pulled in front of the juvenile to try to stop him, the juvenile accelerated and rammed the officer's vehicle. The juvenile then drove away at over ninety miles per hour until crashing and fleeing on foot. Police caught the juvenile a short distance away.

The circuit court entered an order directing that the juvenile be held in secure detention for 21 days. The juvenile was released on April 9, 2023.

On May 19, 2023, the state filed a motion to extend the juvenile's secure detention pursuant to section 985.26(2)(b), Florida Statutes (2022). The motion explained that, on April 12, 2023, just three days after the juvenile's release from secure detention, he was arrested in Miami-Dade County in two separate cases for multiple counts of grand theft auto, burglary, and criminal mischief. He was released and failed to appear for an April 18, 2023 court date. Police picked him up the following day and he was released again. A week later, on April 26, 2023, the juvenile was arrested for multiple counts of grand theft auto, burglary, and resisting an officer without violence in five additional cases in Miami-Dade County.

The state's motion to extend detention noted that, at the time of the juvenile's arrest in the Broward County case in March 2023, he was on supervised release for burglary and grand theft of a firearm in a 2022 Miami-Dade case, and he also had open charges for burglary and grand theft in another 2022 Miami-Dade case. The state's motion further noted, in addition to the juvenile having an extensive criminal history, he also had been a chronic runaway with an open missing person/dependency case.

The juvenile filed an objection to the state's motion. He argued, among other things, that the state was required to have requested to extend his secure detention before he was released from his initial 21-day period of secure detention on April 9, 2023.

At a hearing on the motion, the state's witness presented the following evidence. The juvenile ran away in September 2022. In October 2022, the juvenile was arrested in South Carolina and returned to Florida on a pickup order. After the juvenile's return to Florida, he had three separate placements. The juvenile absconded from all three placements. The juvenile was found when he was arrested on new charges. After the juvenile's arrest in this case, he was placed in secure detention. In April 2023, when he was released from secure detention and placed in care, he absconded again. The juvenile was found when he was arrested again. On this last arrest, the juvenile was with an adult co-defendant who had a firearm.

The circuit court entered an order granting the state's motion and extending the juvenile's secure detention for an additional 21 days. The circuit court concluded that, given the juvenile's history, it could not safely release the juvenile from secure detention.

### *This Petition*

This petition followed. The juvenile argues the circuit court could not extend his initial 21-day secure detention because that term expired on April 9, 2023, upon which he had to be released immediately.

We disagree with the juvenile's argument. The juvenile was initially held in a 21-day secure detention as provided in section 985.26(2)(a)2., Florida Statutes (2022):

> Except as provided in paragraph (b) or paragraph (c), a child may not be held in secure detention care under a special detention order for more than 21 days unless an adjudicatory hearing for the case has been commenced in good faith by the court.

§ 985.26(2)(a)2., Fla. Stat. (2022).

The circuit court then detained the juvenile for an additional 21 days pursuant to section 985.26(2)(b), Florida Statutes (2022), which provides:

> Upon good cause being shown that the nature of the charge requires additional time for the prosecution or defense of the case or that the totality of the circumstances, including the preservation of public safety, warrants an extension, the court may extend the length of secure detention care for up to an additional 21 days if the child is charged with an offense

3

which, if committed by an adult, would be a capital felony, a life felony, a felony of the first degree or the second degree, or a felony of the third degree involving violence against any individual. The court may continue to extend the period of secure detention care in increments of up to 21 days each by conducting a hearing before the expiration of the current period to determine the need for continued secure detention of the child. At the hearing, the court must make the required findings in writing to extend the period of secure detention. If the court extends the time period for secure detention care, it shall ensure an adjudicatory hearing for the case commences as soon as is reasonably possible considering the totality of the circumstances. The court shall prioritize the efficient disposition of cases in which the child has served 60 or more days in secure detention care.

§ 985.26(2)(b), Fla. Stat. (2022).

Importantly, the Legislature amended section 985.26(2)(b) in 2022 to give circuit courts broad discretion to securely detain juveniles charged with the enumerated serious offenses, particularly where necessary to protect public safety. Ch. 2022-181, § 2, Laws of Fla.

Section 985.26(2)(b)'s pre-2022 version provided:

Upon good cause being shown that the nature of the charge requires additional time for the prosecution or defense of the case, the court may extend the length of detention for an additional 9 days if the child is charged with an offense that would be, if committed by an adult, a capital felony, a life felony, a felony of the first degree, or a felony of the second degree involving violence against any individual.

§ 985.26(2)(b), Fla. Stat. (2021).

Thus, section 985.26(2)(b), as amended in 2022, allows circuit courts to extend secure detention for juveniles charged with the enumerated offenses based on the "totality of the circumstances, including the preservation of public safety." § 985.26(2)(b), Fla. Stat. (2022).

Here, the juvenile is charged with aggravated battery on a law enforcement officer with a deadly weapon, a first-degree felony which qualifies for extended detention under the now-amended section 985.26(2)(b)'s first clause. Nothing in that clause required the circuit court

4

to enter an order extending the juvenile's secure detention before the initial 21-day secure detention period had expired. By its plain terms, section 985.26(2)(b) requires "a hearing before the expiration of the current period to determine the need for continued secure detention of the child" only for subsequent extensions, i.e., after the circuit court has once extended secure detention under the preceding clause. *Id.*

Section 985.26(2)(b)'s plain and unambiguous language controls. *See Montgomery v. State*, 897 So. 2d 1282, 1285 (Fla. 2005) ("When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.") (citation omitted).

Based on the foregoing, the circuit court acted within its statutory discretion to extend the juvenile's 21-day secure detention to preserve public safety, prevent the juvenile from absconding again, and protect the juvenile from being harmed himself.

*Petition denied.*

LEVINE and FORST, JJ., concur.

*　　*　　*

**Not final until disposition of timely filed motion for rehearing.**